IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNAN WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | Civil Action No. 07-783-JJF |
| | : | |
| J. MEARS, et al., | : | |
| | : | |
| Defendants. | : | |

Kennan Wright, <u>Pro se</u> Plaintiff, Sussex Community Correctional Center.

**MEMORANDUM OPINION**

November 18 , 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Kennan Wright ("Plaintiff") an inmate at the Sussex Community Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983, with several other Plaintiffs. He is the only remaining Plaintiff. He appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 8.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend.

**I. BACKGROUND**

Plaintiff alleges that Defendant Cpl. Richard Calvert ("Calvert") maced and beat him on October 23, 2007. He alleges that Defendants C/O Mears ("Mears"), Staff Lt. Michael Costello ("Costello"), and Warden Robert George ("George") denied him access to the telephone to speak to his attorney and access to legal information. He also makes general allegations of retaliation. The remaining allegations were made by Plaintiffs who are no longer parties. Several other Defendants are named in the caption of the case but there are no allegations directed towards them. Plaintiff seeks compensatory and punitive damages.

2

## II. STANDARD OF REVIEW

When a litigant proceeds <u>in</u> <u>forma</u> <u>pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v.</u> <u>Williams</u>, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>Fullman v. Pennsylvania Dep't of</u> <u>Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>,

3

-U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however

4

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

Plaintiff's allegations towards Calvert, while slight, appear to raise a cognizable excessive force. His allegations against Mears, Costello, Calvert and George however, do not state a claim for relief as they fail to adequately state when the unconstitutional acts alleged occurred. Also, the Complaints contains a general allegation of retaliation. Finally, the Complaint contains no allegations against the remaining Defendants. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.)(citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Therefore, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1). Plaintiff will be given leave to file an Amended Complaint only as to his claims against Calvert, Mears, Costello, and George. The Court will dismiss the remaining Defendants. An appropriate Order will be entered.